FILED

2009 Apr-03  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| TAMMY KENT as Mother and Next Friend of Taylor Kent, | ] ] ] | |
| Plaintiff, | ] ] | |
| vs. | ] ] | 7:08-CV-01997-LSC |
| CALLAWAY GARDENS RESORT, INC., a Georgia corporation, | ] ] ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 10.) Plaintiff Tammy Kent ("Kent") sued Defendant Callaway Gardens Resort, Inc. ("Callaway") for negligence and wantoness relating to the maintenance of its property, a resort located in Georgia. Callaway maintains that this Court lacks personal jurisdiction in this matter, and that this action should be dismissed. The issues raised in Callaway's motion have been fully briefed by the parties and are ripe for review. After full consideration of the

argument and evidence presented, it is evident that this Court lacks personal jurisdiction over this matter and that this action should be transferred to an appropriate federal court in Georgia.

II.     Facts.[1]

Kent is a resident of Pickens County, Alabama, and mother of Taylor Kent, a minor child allegedly injured while at a resort owned by Callaway. Callaway is a Georgia corporation with its principle office and registered agent located in Pine Mountain, Harris County, Georgia.  (Doc. 10, p. 1.)

According to her complaint, Taylor Kent was physically injured due to a slip and fall on wet concrete while on Callaway's property.   Kent maintains that this fall was the result of Callaway's negligent and wanton failure to inspect and maintain the grounds of the resort in such a way as would allow guests and patrons to maneuver without injury.

III.    Analysis.

Callaway argues that this Court lacks personal jurisdiction and that this case should be dismissed.  Callaway maintains that it neither does business

---

[1]The facts recited in this opinion are, unless otherwise indicated, taken from the allegations contained in Plaintiffs' Complaint.  (Doc. 1.)

in Alabama nor maintains an office in this state.  Furthermore, Callaway states that it has no contacts with any person, firm, or corporation within Alabama sufficient to support jurisdiction.  Callway argues that the incident itself occurred entirely within Harris County, Georgia, and that it lacks the continuous and systematic contacts with the State of Alabama necessary to support general jurisdiction.

Kent nonetheless maintains that Callaway has contacts with Alabama of a continuous and systematic nature sufficient to establish jurisdiction. Kent points to radio advertisements personally heard by Plaintiff's counsel as well as brochures and program guides produced by Callaway that provide mileage and directions from locations inside of Alabama.

A.    Two Step Personal Jurisdiction Test.

This Court must look to the facts to determine if personal jurisdiction comports with Alabama's Long-Arm Statute and the Due Process Clause.  It is a question of law whether a federal court has personal jurisdiction over a defendant.  *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).  "The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant."  *Meier v. Sun Int'l*

*Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002).  To establish a prima facie case of personal jurisdiction over a non-resident, a plaintiff must present "enough evidence to withstand a motion for a directed verdict." *Consol. Dev. Corp.*, 216 F.3d at 1291.  To the extent they are uncontroverted by the defendant's evidence, the Court must accept the allegations in the complaint as true, and all reasonable inferences must be drawn in favor of the plaintiff.  *Id*.

The Court's determination of whether it has personal jurisdiction over a non-resident defendant turns on a two-prong test.  *See, e.g., Madara v. Hall*, 916 F.2d 1510, 1515-16 (11th Cir. 1990).  Only if both prongs are satisfied will the Court assert jurisdiction.  *Madara*, 916 F.2d at 1514.  "First, we consider the jurisdictional question under the state long-arm statute."  *Id*.  If that prong is met, the second prong requires the court to determine whether there are sufficient minimum contacts to satisfy due process concerns.  *Id*.

Alabama's Long-Arm Statute permits the exercise of jurisdiction over non-residents to the "fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution."  *Ruiz de Molina v.*

*Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-56 (11th Cir. 2000). Because the due process guarantees of the Alabama Constitution are coextensive with that of the Constitution of the United States, this Court turns to the question whether the requirements for personal jurisdiction under the Due Process Clause of the Fourteenth Amendment have been satisfied. *See Ex parte Georgia Farm Bureau Mut. Auto. Ins. Co.*, 889 So. 2d 545, 550 (Ala. 2004).

"Considerations of due process require that a non-resident defendant have certain minimum contacts with the forum, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Consol. Dev. Corp.*, 216 F.3d at 1291; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The sufficiency of the defendant's contacts with the forum state depends on the quantity and quality of those contacts, as well as the type of personal jurisdiction being asserted: specific or general. *Consol. Dev. Corp.*, 216 F.3d at 1291. "Initially, it is the plaintiff's burden to establish such minimum contacts, however, once established, the burden then shifts to [the] defendant to demonstrate that the exercise of jurisdiction would offend traditional notions of fair play and

substantial justice." *Peacock v. Merrill*, 2005 WL 2233466 *2 (S.D. Ala. 2005) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *Ruiz de Molina*, 207 F.3d at 1358).

B.   Minimum Contacts.

The nature and quality of the required minimum contacts "vary depending upon whether the type of personal jurisdiction being asserted is specific or general." *Consol. Dev. Corp.*, 216 F.3d at 1291.

1.   Specific Jurisdiction.

To constitute minimum contacts for purposes of specific jurisdiction,

the defendant's contacts with the applicable forum must satisfy three criteria. First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some act by which the defendant purpose-fully avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws. Third, the defendant's contacts with the forum must be such that [the defendant] should reasonably anticipate being haled into court there.

*Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993) (citations omitted).  The "minimum contacts" requirement is grounded in fairness and assures "that 'the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into

court there.'"  *Consol*. *Dev*. *Corp*., 216 F.3d at 1291-92; *World-Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Furthermore, the

"'purposeful availment' requirement ensures that a defendant will not be

haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or

'attenuated' contacts, or of the unilateral activity of another party or a

third person."  *Rudzewicz*, 471 U.S. at 475 (citations omitted).  While the

Court has held that no bright line rules or tests exist for personal jurisdic-

tion, a single contact can be enough, though that contact must create a

substantial connection with the forum state.  *Id.* at 475 n.18 ("So long as it

creates a 'substantial connection' with the forum, even a single act can

support jurisdiction.") But it is the quality and not the quantity of the

contacts that matter, and a single contact with an out-of-state party, if

supported by nothing else, will not automatically support jurisdiction.  *Id.*

at 478.

        The facts of the present case do not appear to implicate specific

jurisdiction.  The incident at issue arises out of an accident that took place

on Callaway's real property, located in Georgia.  Courts have consistently

found that personal injuries that occur at a defendant's place of business as

a result of that defendant's negligence are too tenuously connected to defendant's advertising in the plaintiff's home state to support the casual requirement of specific jurisdiction. *See, e.g., Pearrow v. National Life & Accident Ins. Co.,* 703 F.2d 1067 (8th Cir. 1983) (holding that Arkansas resident's cause of action for negligence relating to her slip and fall at defendant's facility in Tennessee did not arise out of the solicitation of business by defendant in Arkansas); *Capizzano v. Walt Disney World Co.*, 826 F. Supp. 53 (D.R.I. 1993) (holding that claim for negligence relating to injury to Rhode Island resident at defendant's theme park in Florida did not arise out of solicitation activities in Rhode Island); *Chedid v. Boardwalk Regency Corp.,* 756 F. Supp. 941 (E.D. Va. 1991) (slip and fall on wet elevator floor in New Jersey casino did not arise from casino owner's advertising and solicitation in Virginia).

While the Court has not found, and the parties have not produced, any binding Eleventh Circuit precedent squarely on point, it would stretch the bounds of due process along with theories of causation to find that a slip on wet concrete in Georgia arose from radio advertisements in Alabama. In *SEC v. Carrillo*, 115 F.3d 1540 (11th Cir. 1997), the court determined that due

process was satisfied for specific jurisdiction when the defendants "(i) plac[ed] advertisements and arranging for articles concerning its securities in two airlines' in-flight magazines, (ii) mail[ed] offering materials and application forms directly to United States investors, (iii) maintain[ed] bank accounts in Miami to receive payments from investors, and (iv) mail[ed] at least one stock certificate to a United States investor." *Id.* at 1544. However, each of these contacts with the forum were directly related to the sale of the fraudulent securities that were the focus of that legal action.  In the present case, the alleged tort is, at best, tangentially connected to the alleged advertisements and does not arise from or relate to Callaway's activities in the state.[2]  Since specific jurisdiction is inappropriate, this Court must therefore determine whether it can exercise general personal jurisdiction over Callaway.

---

[2] Even if such a connection were sufficient to support specific jurisdiction, while plaintiff has produced evidence of radio advertisements and print materials listing mileage and directions from locations within Alabama, it has not alleged a direct connection between these advertisements and plaintiffs presence at Callaway's Georgia facility.

2.    General Jurisdiction.

For a court to exercise general personal jurisdiction, so that a non-resident can be required to defend, within the forum, a cause of action unrelated to his contacts with the forum, there must be a showing that the non-resident had "continuous and systematic general business contacts" with the forum state. *Consol. Dev. Corp.*, 216 F.3d at 1292; *see also, Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). The due process requirements for general jurisdiction are "more stringent than that for specific jurisdiction" and must be "substantial" to warrant jurisdiction. *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 747 (11th Cir. 2002) (quoting *Consol. Dev. Corp.*, 216 F.3d at 1292).

Callaway argues that it does not have the kind of "substantial and continuous" contacts with the State of Alabama which would provide the Court with the basis for asserting general jurisdiction over it. (Doc. 14, p. 1-2.) Kent contests this assertion, claiming that radio advertisements and print materials listing mileage and directions from locations within Alabama are sufficient to establish general jurisdiction.

Kent points to *Ex parte Pope Chevrolet, Inc.*, 555 So. 2d 109 (Ala. 1989) and *Worthy v. Bently*, 307 F. Supp. 2d 1244 (M.D. Ala. 2004) to support the theory that advertising is sufficient to establish general jurisdiction over an out-of-state defendant.  Such reliance is unavailing.  In both cases, the contact with Alabama went beyond mere advertising.  In *Ex parte Pope Chevrolet, Inc.*, the court looked to a variant on the stream of commerce theory of jurisdiction, noting the defendant's awareness that cars sold only a hundred miles from the state border would invariably be driven into Alabama helped to establish jurisdiction.  The court supported this assertion with evidence of auto sales to Alabama residents.[3]  555 So. 2d at 112-14.  In *Worthy*, the matter turned primarily on the evidence that the defendant's advertisements included "the acceptance of Blue Cross and Blue Shield of Alabama," a fact that in the court's mind supported the notion that the defendant had purposefully availed itself of the laws of Alabama. 307 F. Supp. 2d at 1248-49.

---

[3]Despite advertisements in regional newspapers, sales of more than $100,000 a year, and the assurance that cars sold at Pope Chevrolet would travel into Alabama, the court nevertheless characterized the jurisdictional decision as "such a close question."

In the matter at bar, Kent has pointed only to advertisements within Alabama as proof that Callaway has availed itself of this forum.  Given the ease and proficiency of communication in the modern world, advertising alone will generally not suffice to establish general jurisdiction.  Any other ruling would obviate the long standing rule that general jurisdiction is more difficult to establish than specific jurisdiction by permitting decidedly insubstantial contacts to warrant jurisdiction.[4]  Furthermore, Callaway operates a fixed property in another state.  Courts from around the country have found that advertising alone is not sufficient to establish jurisdiction in such circumstances.  *See, e.g., Tillery v. Maritime Group,* 1996 U.S. Dist. LEXIS 3630 *11 (S.D. Ala. Jan. 29, 1996) (finding that "direct and indirect marketing activities in Alabama in order to solicit individuals and groups to the Palace Casino, contact by mail and telephone with various groups and social organizations, direct sales contacts with travel agencies, social and civic organizations and corporations in Alabama, direct mail contact with individuals from Alabama who have registered as members of the "Crown

---

[4]The Court does not hold that advertising can never establish general jurisdiction, but rather that advertising alone must be significantly more extensive than that in the present case in order to meet the general jurisdiction test.

Jewels" club and the operation of the "Bus on Us" program which provides transportation for Alabama citizens to and from the Palace Casino" were insufficient contacts to establish general jurisdiction); *See also, Capizzano v. Walt Disney World Co.*, 826 F. Supp. 53, 56 (D.R.I. 1993) (stating that relying on advertising alone "to support general jurisdiction would be an affront to Due Process"); *Westphal v. Mace*, 671 F. Supp. 665, 667 (D. Ariz. 1987); *Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991).  The advertising evidenced in this case simply is not the type of continuous and systematic general business contact necessary to establish general jurisdiction.

    C.    Notions of Fair Play and Substantial Justice.

In addition to finding that they do not have sufficient minimum contacts to subject them to the personal jurisdiction of courts sitting in the State of Alabama, traditional notions of fair play and substantial justice would be offended by forcing Callaway to defend this action in Alabama. The Eleventh Circuit has held that the following factors should be considered when making this determination: "(a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's

interest in obtaining convenient and effective relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies." *McGow v. McCurry*, 412 F.3d 1207, 1216 (11th Cir. 2005) (quoting *Meier*, 288 F.3d at 1276).

The burden on Callaway in this case would be great.  It does not reside in Alabama.  Furthermore, the events at the heart of this litigation occurred in Georgia.  The Callaway resort is a fixed facility located in Georgia and presumably the safety of that location primarily affects citizens of that state.  The only factor that mitigates in favor of Kent is that it would be most efficient for her to obtain relief in Alabama, which is the forum most convenient to her location.  Regardless, the forum most interested in obtaining a resolution of this controversy is Georgia.  The interests of the States involved in this case tips in favor of resolving it in Georgia rather than Alabama.

IV.   Conclusion.

For the reasons stated above, the Court declines to exercise personal jurisdiction over Callaway in this case.  Callaway seeks dismissal of this

action, but this Court is permitted, if the interests of justice are served, to transfer an action over which it lacks jurisdiction to an appropriate forum. *See Berry v. Salter*, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001), *Aguacate Consol. Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523, 524-25 (5th Cir.1978). Therefore, it is *sua sponte* ORDERED that this cause of action is hereby transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Middle District of Georgia.  The clerk is DIRECTED to take all actions necessary to effectuate said transfer.  It is further ORDERED that the Motion to Dismiss filed by Callaway is hereby DENIED as moot.

Done this 3rd day of April 2009.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671